UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **PATRICK TOWNZEN, SR** <br> **FED. REG.# 207654** | **CIVIL ACTION NO. 2:11-cv-0350** <br> **SECTION P** |
| **VS.** | **JUDGE TRIMBLE** |
| **ROBERT HENDERSON, ET AL.** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

### *Background*

*Pro se* petitioner Patrick Townzen, Sr., an inmate in the custody of the Louisiana Department of Public Safety and Corrections, filed the instant complaint pursuant to 28 U.S.C. § 1983 on March 2, 2011. Doc. 1. Petitioner is incarcerated at the C. Paul Phelps Correctional Center in DeQuincy, Louisiana. *Id.* Petitioner charges in his complaint that he was forced to endure pain and suffering at the hands of the C. Paul Phelps Correctional Center staff when he was not allowed "bed rest" after enduring a medical procedure to drain his bladder. *Id.*

At the time of filing his complaint, plaintiff had not yet exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a). Doc. 6. Subsequently, plaintiff has initiated the administrative remedy procedures provided by the Louisiana Department of Corrections. *Id.* On March 14, 2011, petitioner filed a motion with this court to hold this matter in abeyance "until such time as the administrative remedy procedure [is] exhausted or a remedy is granted." *Id.* In the alternative, petitioner requests that "this matter be dismissed without prejudice." *Id.*

### *Analysis*

Under the Prison Litigation Reform Act, inmates must exhaust "such administrative remedies as are available" prior to bringing a civil action. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

1

wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Failure to exhaust is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Dismissal may be appropriate, however, when, on its face the complaint establishes the inmate's failure to exhaust. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Hicks v. Lingle*, 370 Fed. Appx. 497, 498 (5th Cir. 2010).

Here, plaintiff indicates in his motion to place in abeyance that he has not exhausted his state remedies with respect to the claims before this court. For this reason, plaintiff's complaint's is subject to dismissal pursuant to 42 U.S.C. § 1997e. *See Worthy v. Outlaw*, No. 07-0634, 2010 WL 2991174 (E.D. Tex. June 2, 2010) (holding that a "plaintiff's request to hold the proceedings in abeyance is improper" when state remedies have not been exhausted pursuant to 42 U.S.C. § 1997e).

## *Conclusion*

Considering the foregoing, **IT IS RECCOMENDED** that plaintiff's complaint (doc. 1) is **DISMISSED**, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. Proc. 6(b), shall bar an

aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 26th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE